UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        DECISION AND ORDER

vs.                                      14-CR-6079-CJS-JWF-1
                                        20-CV-7093 CJS

WAYNE SPENCER,
                          Defendant.
_____

## INTRODUCTION

Now before the Court is a motion (ECF No. 48) by Wayne Spencer ("Spencer" or "Defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the application is denied.

## BACKGROUND

The reader is presumed to be familiar with the history of this action. Briefly, on May 29, 2014, Spencer waived indictment and pleaded guilty, pursuant to a Plea Agreement (ECF No. 19), to a two-count Criminal Information (ECF No. 18) charging him with conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). On February 11, 2015, the Court sentenced Spencer principally to a term of imprisonment of 121 months.

On December 16, 2020, Spencer filed the subject Motion to Vacate pursuant to 28 U.S.C. § 2255 (ECF No. 48). As discussed further below, Spencer maintains that his conviction under Count 2 of the Information was unconstitutional, and that his attorney

was therefore ineffective for advising him to plead guilty.   On February 24, 2021, the Government filed a response. (ECF No. 55).   The Court has considered the parties' submissions and the entire record and, for the reasons set forth below, denies Spencer's application.

ANALYSIS

Defendant's *Pro Se* Status

Since Spencer is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Liberally construing Spencer's submissions, his Section 2255 motion maintains that when he pleaded guilty, he did not realize that his "Fifth and Sixth Amendment [rights] w[ere] being violated."   Specifically, Spencer argues that his conviction under 18 U.S.C. § 924(c)(1)(A) is unconstitutional since that statute is unconstitutionally vague:

> Petitioner['s] 924(c) in furtherance of drug trafficking crime cannot stand in light of new case law; thus making him innocent of this charge or crime committed supposedly.

Petition at p. 5.   Spencer also contends that his attorney was constitutionally ineffective for allowing him to plead guilty to a statute that was unconstitutionally vague.

Spencer's motion does not identify the "new case law" to which he refers. Although, he subsequently filed a "Motion to Expedite," ECF No. 49, in which he refers to it as a "Supreme Court decision" in which "18 U.S.C. § 924(c)(3)(B) was held unconstitutional[ly] vague."

Respondent maintains, and the Court agrees, that the "new case law" to which Spencer refers is the U.S. Supreme Court's decision in *United States v. Davis*, 139 S.Ct.

2

2319 (2019). *See*, Govt's Response, ECF No. 55 at p. 2.  In that regard, the Government states:

> On January 21, 2021, Spencer, *pro se*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, predicated upon the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). . . .  In *Davis*, the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C.§ 924(c)(3)(B) is unconstitutionally vague.

The Government further contends that Spencer's attempted reliance on *Davis* is misplaced since his conviction under Section 924(c) involved a drug trafficking crime, not a crime of violence, and *Davis* did *not* hold that Section 924(c)'s prohibition on the use of firearms during the commission of a drug trafficking crime was unconstitutionally vague:

> Citing *Davis*, Spencer claims that his guilty plea to possession of a firearm in furtherance of a drug trafficking crime was not knowing and his conviction should therefore be vacated and, as a result, his sentence should be reduced. He also claims that his counsel was ineffective for failing to explain the Section 924(c)(1) change and for "allowing" this Court to adopt an incorrect PSR. *See* Petitioner's Motion, pp. 5-6. However, *Davis* is inapplicable, as Spencer was not charged with possessing a firearm in furtherance of a crime of violence, but instead was charged with possessing a firearm during and in relation to and in furtherance of a drug trafficking crime[.]

Respondent's Memo of Law, ECF No. 55 at p. 3.

Spencer did not file any reply or traverse, nor has he otherwise disputed the accuracy of Respondent's interpretation of his papers.  Consequently, the Court liberally construes Spencer's Section 2255 Motion as making the arguments identified by Respondent.

<u>Section 2255 Principles</u>

Spencer is proceeding under 28 U.S.C. § 2255, which provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "[A] collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

<u>An Evidentiary Hearing is Not Required</u>

The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).  Here, the Court finds that a full evidentiary hearing is not required because there are no material factual disputes and the record conclusively shows that Spencer is not entitled to relief.

<u>Spencer's Contention That He Was Convicted Under an Unconstitutionally Vague Statue Lacks Merit</u>

As discussed earlier, Spencer indicates that his motion is based on a Supreme Court decision in which "18 U.S.C. § 924(c)(3)(B) was held unconstitutional[ly] vague." As Respondent correctly notes, that statute refers to a "crime of violence."  Indeed, § 924(c)(3) states:

> For purposes of this subsection the term 'crime of violence' means an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of

4

another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

And, as Respondent also correctly notes, that is not the section of law under which Spencer was convicted.  Rather, he was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Consequently, the Supreme Court's decision is *Davis* is not applicable to Spencer's conviction:

> Barret argues on appeal that his § 924(c) conviction must be vacated in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) prohibits the use of a firearm in relation to any "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Barret's indictment based the § 924(c) charge on "carry[ing] one or more firearms during and in relation to one or more drug trafficking crimes." App'x 63. Thus, his § 924(c) conviction was not based on carrying a firearm in relation to a crime of violence. *Davis* invalidated a clause defining a "crime of violence." *Davis*, 139 S. Ct. at 2336. Because Barret's § 924(c) conviction did not depend on the clause at issue in *Davis*, that case provides him no basis for relief.

*United States v. Barret*, No. 21-1743-CR, 2022 WL 17839286, at *1 (2d Cir. Dec. 22, 2022), *cert. denied*, 143 S. Ct. 1792, 215 L. Ed. 2d 676 (2023).

Therefore, Spencer's claim that he was convicted under an unconstitutionally-vague statute lacks merit.  Similarly, Spencer's ineffective-assistance-of-counsel claim lacks merit, since it is also based on his mistaken assumption that the *Davis* decision applies to his 924(c) conviction.  *See, Alston v. United States*, No. 15 CR 435 (CM), 2021 WL 2380064, at *8 (S.D.N.Y. June 10, 2021) ("[I]t is not ineffective for a defense lawyer to fail to pursue a clearly unmeritorious argument. *See United States v. Boothe*, 994 F.2d 63, 69 (2d Cir. 1993)").

CONCLUSION

The application under 28 U.S.C. § 2255 (ECF No. 48) is denied.  Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Defendant has not made a substantial showing of the denial of a constitutional right.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk of the Court is directed to close this action.

So Ordered.

Dated: Rochester, New York
        April 16, 2024

ENTER:

CHARLES J. SIRAGUSA
United States District Judge